UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| G.E. CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC., <br> Plaintiff, <br><br> vs. <br><br> THE MYLER COMPANY, INC., <br> Defendant. | 1:10-cv-578-TAB-JMS |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Plaintiff G.E. Capital Corporation alleges that Defendant The Myler Company breached the parties' photocopy machine lease agreement and has moved for summary judgment. [Docket No. 19.] G.E. Capital's arguments are properly made and supported, and Myler has not responded with specific facts showing a genuine triable issue. The Court therefore grants G.E. Capital's motion for summary judgment.

**II.    Facts and Procedural History**

G.E. Capital leases electronic office equipment. In late 2005, G.E. Capital and Myler entered into a sixty-month equipment lease agreement. [Docket No. 20-1 at ¶ 2.] Under the terms of the lease agreement, Myler agreed to pay rent of $3,171 (later reduced to $2,842) for sixty months and a late charge equal to 5% of any payments or charges past due for more than ten days. [*Id*. at ¶ 4.] Myler also agreed to pay liquidated damages upon default. [*Id*.] The liquidated damages provision required Myler to pay the full remaining accelerated balance of all payments due under the lease agreement discounted at 6%, the anticipated value of the leased

equipment, and all of the costs, expenses, and attorney's fees associated with any action to enforce the lease agreement. [*Id.*] Myler completed twenty-nine of the lease's sixty monthly payments before defaulting. [*Id.* at ¶ 11.] Upon Myler's default, G.E. Capital accelerated the remaining thirty-one installment payments due under the lease agreement. [*Id.* at ¶ 13.] Although Myler made no lease payments after the twenty-ninth month, it did not return the leased photocopy machine to G.E. Capital. [*Id.* at ¶ 21.] After default, Myler continued to incur additional charges under the lease agreement, and G.E. Capital continued to incur and pay property tax charges on the leased equipment. [*Id.* at ¶¶ 14, 15.]

On September 16, 2010, G.E. Capital filed for summary judgment. [Docket No. 19.] Myler does not challenge liability of $109,368 for the past due rental payments, late fees, and the unpaid balance of rental payments under the lease agreement. [Docket No. 25 at ¶ 2.] Accordingly, summary judgment is granted as to this $109,368. *See* S.D. Ind. L.R. 56.1(g). However, Myler disputes other damages. Myler contends that the lease agreement's liquidated damages clause is unreasonable because it does not require G.E. Capital to mitigate its damages. [Docket No. 26 at 2–3.] Myler concedes the enforceability of the lease agreement's fee shifting provision, but asserts that a contingency fee arrangement is an unreasonable payment structure for this case. [*Id.* at 3.]

### III.     Discussion

#### A.     Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the nonmovant fails to properly address the movant's assertion of fact, the

2

Court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e). In considering a motion for summary judgment, the Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### B. Liquidated Damages

Myler contends that the lease agreement's liquidated damages provision is unreasonable because it does not require G.E. Capital to mitigate its damages. Myler also argues that G.E. Capital has failed to prove that its attorney's fees are reasonable under the circumstances and that summary judgment is therefore inappropriate.

Liquidated damages formulae must be "reasonable in light of the then anticipated harm caused by the default or other act or omission." Ind. Code § 26-1-2.1-504(1). Indiana courts will treat liquidated damages as unenforceable penalties "where the sum sought to be fixed as liquidated damages is grossly disproportionate to the loss which may result from the breach." *Gershin v. Demming*, 685 N.E.2d 1125, 1128 (Ind. Ct. App. 1997). Whether a contract provision provides for liquidated damages or for an unenforceable penalty is a question of law for the Court. *Id.* In determining whether a contract provision constitutes liquidated damages or an unenforceable penalty, the Court considers the surrounding facts, the intention of the parties, and the reasonableness of the stipulation under the circumstances of the case. *Id.*

#### 1. Mitigation

As a general rule, a nonbreaching party must mitigate its damages. *Berkel & Co. Contractors, Inc. v. Palm & Assocs., Inc.*, 814 N.E.2d 649, 660 (Ind. Ct. App. 2004). However,

3

the breaching party has the burden of proving that the nonbreaching party has failed to use reasonable diligence to mitigate its damages. *Id.*

Myler has not alleged that G.E. Capital failed to mitigate its damages. Rather, Myler asks the Court to invalidate the lease agreement's liquidated damages provision because it does not require G.E. Capital to mitigate its damages. Myler argues that the lease agreement allows G.E. Capital to recover a windfall by recovering liquidated damages from Myler and re-leasing the equipment to a third party. Myler's argument fails legally and factually.

Legally, Myler waived this argument because failure to mitigate is an affirmative defense, and Myler did not raise this defense in its answer. [Docket No. 14.] In addition to this fatal problem, Myler's argument fails factually. G.E. Capital neither did nor could re-lease the equipment because Myler retained possession of the equipment after its default. Had G.E. Capital recovered and re-leased the photocopy machine, then the lease agreement would have required it to mitigate its damages. [Docket No. 20-2 at ¶ 11.] Myler has set forth no facts showing that G.E. Capital failed to use reasonable diligence to mitigate its damages, and its bare allegation will not overcome summary judgment. Thus, G.E. Capital is entitled to summary judgment on Myler's failure to mitigate defense.

### 2. Attorney's Fees

Myler concedes that it is responsible for G.E. Capital's reasonable attorney's fees, but contends that G.E. Capital's contingency fee arrangement with its attorney is unreasonable. Indiana courts have addressed this issue many times. In *Waxman Industries v. Trustco Development Co.*, 455 N.E.2d 376 (Ind. Ct. App. 1983), the Indiana Court of Appeals addressed whether the obligor of an instrument can be bound by a contingent fee contract between the

obligee and his attorney. The court held that a lease provision requiring the lessee to pay "reasonable attorney fees" upon default could not be invoked to require the lessee to pay fees based upon a contingent fee contract between the lessor and its attorney. *Id.* at 381. The court reasoned:

> a contingent fee contract of the obligee on an instrument with his attorney cannot be enforced against the party obligor who has merely agreed in the instrument to pay a "reasonable attorney fee" for the fundamental reason that the obligor has never agreed or has never even been consulted concerning the arrangement.

*Id*.

Since *Waxman*, Indiana courts have consistently held that contingency fee arrangements may not be used as the basis for determining the reasonable attorney's fees to be paid by a nonparty to that fee agreement. *Grabach v. Evans*, 196 F. Supp. 2d 746, 749 (N.D. Ind. 2002) (citing *Mason v. Mason*, 561 N.E.2d 809, 811 (Ind. Ct. App. 1990); *Leibowitz v. Moore*, 477 N.E.2d 946, 947 (Ind. Ct. App. 1985); *Berkemeier v. Rushville Nat'l Bank*, 459 N.E.2d 1194, 1197 (Ind. Ct. App. 1984)). G.E. Capital claims its contingency fee arrangement is reasonable under *Spears v. Brennan*, 745 N.E.2d 862 (Ind. Ct. App. 2001) and *Valparaiso Technical Institute v. Porter County Treasurer*, 676 N.E.2d 416 (Ind. Ct. App. 1997). *Spears* and *Valparaiso* held that contingency fee arrangements in collection cases that are the product of a bargain between the attorney and client are presumed reasonable as between them. However, this holding applies only to situations where such a fee is subtracted from the amount recovered. A contingency fee arrangement is not presumed reasonable where the fee is added to the judgment against the debtor, as is the case here. *Valparaiso*, 676 N.E.2d at 420 (citing *Waxman*, 455 N.E.2d at 382).

Enforcement of the lease agreement's attorney's fees provision would award G.E. Capital $23,303 even though its hourly attorney's fees total only $11,312.50. [Docket No. 20-8 at ¶ 3.] After considering the surrounding facts, the intention of the parties, and the reasonableness of the provision under the circumstances of this case, the Court finds that the lease agreement's attorney's fees provision is an unenforceable penalty because the attorney's fees sought are grossly disproportionate to the attorney's fees G.E. Capital incurred. *Gershin*, 685 N.E.2d at 1128.

## IV. Conclusion

Myler presents no specific facts showing there is a genuine issue for trial with respect to whether G.E. Capital failed to mitigate its damages. Myler has shown that a contingency fee is unreasonable under the circumstances. The Court therefore grants G.E. Capital's motion for summary judgment [Docket No. 19], and awards G.E. Capital $109,368 for Myler's breach and $11,312.50 for G.E. Capital's reasonable attorney's fees, for a total award of $120,680.50.

Dated: 02/11/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jason Shawn Bartell
Bartell, Barickman & Powell, LLP
jbartell@bbplaw.com

Thomas G. Berndsen
LAW OFFICES OF THOMAS G. BERNDSEN, PC
thomasg@berndsenpc.com