UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| G.E. CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC., <br> Plaintiff, <br><br> vs. <br><br> THE MYLER COMPANY, INC. <br> Defendant, <br><br> EARL O. MYLER <br> SANDRA K. MYLER <br> MYLER CHURCH BUILDING SYSTEMS <br> PLANNERS, DESIGNERS, BUILDERS INC. <br> MYLER CONSTRUCTION COMPANY INC., <br> Garnishees. | 1:10-cv-578-TAB-JMS |

**ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT AGAINST GARNISHEES**

**I.  Introduction**

Before the Court is Plaintiff's motion for judgment against Garnishees, which seeks to collect overdue loans between Defendant and Garnishees in order to satisfy a $120,680.50 judgment against Defendant. Neither Defendant nor Garnishees dispute the loan amounts listed in Plaintiff's motion, but Defendant objects to Plaintiff's motion on service and jurisdictional grounds. For the reasons below, the Court holds that (1) Garnishees were properly served, (2) the Court has jurisdiction to enter judgments against Garnishees, and (3) Plaintiff is entitled to judgments against Garnishees. Plaintiff's motion for judgment against Garnishees [Docket No. 54] is therefore granted.

## II.     Background

On February 11, 2011, the Court granted Plaintiff's motion for summary judgment and entered a judgment against Defendant Myler Company in the amount of $120,680.50. [Docket No. 29.] The full amount of the judgment and all accrued interest and costs remains unsatisfied. [Docket No. 54 at 1.] Plaintiff then initiated proceedings supplemental and conducted discovery against Defendant and Garnishees. On June 8, 2011, Plaintiff moved for a judgment against Garnishees arguing that Defendant made loans to Garnishees that have not been satisfied. [Docket No. 54.] Defendant responded to Plaintiff's motion by raising a series of objections. [Docket No. 59.] Defendant argues that (1) Garnishees were not served with a copy of Plaintiff's motion, (2) Defendant cannot locate records that would justify the receivables the Plaintiff seeks on judgment, and (3) the attempt to collect a judgment from a nonparty is based on a distinct theory from the underlying judgment for which an independent basis for jurisdiction must exist. [Docket No. 59.] Plaintiff did not file a reply brief, but the Court held a telephonic status conference on September 22, 2011, at which Plaintiff and Defendant appeared by counsel, and were given a full opportunity to be heard on all issues. In addition to Defendant's objections, the Court also raised concerns about Plaintiff's request for joint and several liability against Garnishees since Plaintiff was seeking different judgment amounts against each Garnishee. The conference concluded with the Court granting Plaintiff five days to file a reply brief even though this allowed Plaintiff to file a belated reply. [*Id.*] Plaintiff filed a reply brief on October 3, 2011. [Docket No. 67.]

**III. Discussion**

　　*A.　Service*

Defendant argues that a judgment should not be entered against Garnishees because they were not served with Plaintiff's motion and therefore could not come forward and dispute the loans. At the time, Defendant's argument was well taken since Garnishees Earl and Sandra Myler's interrogatories state that "[a]ny amount claimed to be owed would be disputed." [Docket No. 54, Exs. 9, 10.] Plaintiff argued that because Garnishees were served with discovery, that service extends to and is sufficient to cover Plaintiff's motion seeking a judgment against Garnishees. Apparently, Plaintiff was incorrectly under the impression that Defendant's counsel also represented Garnishees. [*See* Docket No. 67.] During the September 22, 2011, conference, the Court expressed concerns with Plaintiff's reasoning because Garnishees are not actually parties to this case and therefore would not know that Plaintiff filed a motion seeking a judgment against them. Following the conference, Plaintiff responded to the Court's concern by actually serving Garnishees with a copy of Plaintiff's motion. [Docket No. 67 at 4.] Now that all Garnishees have been served and given an opportunity to respond, this issue is moot.

　　*B.　Jurisdiction*

Citing *Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1216 (10th Cir. 1992), Defendant also argues that "if an enforcement proceeding is an attempt to collect a judgment from a nonparty on a theory distinct from the theory underlying the judgment, an independent basis for federal jurisdiction must exist." [Docket No. 55 at 2.] The scope of ancillary jurisdiction has further been articulated by the Supreme Court in *Peacock v. Thomas*, 516 U.S. 349 (1996), and by the Seventh Circuit in *Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998). These courts

have explained that ancillary jurisdiction covers "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock*, 516 U.S. at 356; *Yang*, 137 F.3d at 525. Thus, its within the Court's jurisdiction to allow a plaintiff to collect a judgment from a third party. *See Yang*, 137 F.3d at 525 (citing *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir. 1996)). The Seventh Circuit, nonetheless, has cautioned lower courts that collecting a judgment from a third party not present in the original suit may exceed a court's ancillary jurisdiction if too many new issues are injected into the enforcement action so that it is "functionally a separate case." *Wilson v. City of Chi.*, 120 F.3d 681, 684 (7th Cir. 1997).

In this case, although the loans between Defendant and Garnishees are unrelated to the underlying judgment, no new issues have been injected into this enforcement proceeding because Plaintiff is merely attempting to collect overdue loans that neither Defendant nor Garnishees dispute. *See Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1216 (10th Cir. 1992) ("Garnishment actions against a third party property of a judgment debtor have always been held to be within the ancillary 'enforcement' jurisdiction of the federal court, at least if the garnishee admits the debt."). Garnishees Myler Church and Myler Construction admit in their interrogatories that they are in debt to Defendant. [Docket No. 54, Exs. 11–12.] Even though Garnishees Earl and Sandra Myler's interrogatories both stated that "[a]ny amount claimed to be owed would be disputed" [Docket No. 54, Exs. 9–10], both Garnishees failed to back that bare assertion up when served with Plaintiff's motion. Once served with Plaintiff's motion, Earl and Sandra Myler simply chose not to respond to the allegations in Plaintiff's motion. Accordingly,

4

no new issues have been injected into this enforcement action, and the Court therefore maintains jurisdiction over these proceedings.

C. *Judgments against garnishees*

Plaintiff is entitled to a judgment against Garnishees for two reasons. First, Garnishees Myler Church and Myler Construction admit in their interrogatories that they are in debt to Defendant [Docket No. 54, Exs. 11–12], and Garnishees Earl and Sandra Myler do not challenge Plaintiff's motion. Second, Plaintiff presents this Court with documentation that reflects the loan amounts that Defendant made to Garnishees. Defendant's December 31, 2009, balance sheet shows loans to Garnishees as follows:

| | |
|---|---|
| Myler Construction Company Inc. | $719,195.24 |
| Myler Church Building Systems Planners, Designers, Builders, Inc. PC | $ 17,882.74 |
| Earl O. Myler | $456,674.85 |
| Sandra K. Myler | $ 68,082.00 |

[Docket No. 54, Ex. 8.] Defendant also reported loans on several tax returns that are consistent with the loan amounts reflected on the balance sheet. [Docket No. 54, Exs. 5–7.] Moreover, Defendant and Garnishees do not claim that they have paid off any loans or that the loans have been reduced.[1] [Docket No. 54 at 8.]

---

[1] Citing Indiana Code 34-25-3-5, Plaintiff also argues that when a garnishee fails to appear and be examined under oath or fails to answer discovery requests, the information sought may be taken as confessed and judgment by default may be entered against the garnishees. [Docket No. 54 at 9.] This argument fails because it is the Defendant, not Garnishees, that failed to comply with discovery requests. [*See* Docket No. 52.]

C.  *Joint & Several Liability*

Plaintiff requests that judgments be entered against Garnishees jointly and severally in the following amounts:

| | |
|---|---|
| Myler Construction Company Inc. | $120,680.50 |
| Myler Church Building Systems | |
| Planners, Designers, Builders, Inc. PC | $ 17,882.74 |
| Earl O. Myler | $120,680.50 |
| Sandra K. Myler | $ 68,082.00 |

This request, however, does not accurately reflect joint and several liability. Joint and several liability is defined as "[l]iability that may be appointed either among two or more parties or to only one or a few select members of the group. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties." *Black's Law Dictionary* 933 (8th ed. 2004). Joint and several liability therefore means that each Garnishee, including Earl and Sandra, would be responsible for the entire obligation of $120,680.50. However, Plaintiff's motion does not seek to hold Earl and Sandra liable for more than $17,882.74 and $68,082.00. Accordingly, for the purpose of clarification, the Court imposes a modified version of joint and several liability against Garnishees, and therefore Garnishees will only be jointly and severally liable up to the amounts listed above.

**IV.   Conclusion**

For the reasons above, the Court grants Plaintiff's motion for judgment against Garnishees. [Docket No. 54.] A final judgment against Garnishees will be issued separately.

Dated:   11/08/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

**Thomas G. Berndsen**
LAW OFFICES OF THOMAS G. BERNDSEN, PC
thomasg@berndsenpc.com

**Jason S. Bartell**
Bartell & Barickman, LLP
jbartell@bbplaw.com

**Earl O. Myler**
970 North Englewood Avenue
Crawfordsville, Indiana 47933

**Sandra K. Myler**
970 North Englewood Avenue
Crawfordsville, Indiana 47933

**Myler Church Building Systems**
**Planners, Designers, Builders, Inc. PC**
c/o Mr. Earl O. Myler
970 North Englewood Avenue
Crawfordsville, Indiana 47933

**Myler Construction Company Inc.**
c/o Mr. Earl O. Myler
970 North Englewood Avenue
Crawfordsville, Indiana 47933